## Victoria Ilczyszyn vs. Jacob Mostecki.

### MARCH 18, 1921.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  Pleading.  Amended Declaration.

The filing of an amended declaration eliminates the original declaration.

(2)  Pleading.  Trespass.  Case.  Writs.

A writ in trespass will support a declaration containing a single count in trespass on the case.

(3)  Assault.  Excessive Force.  Burden of Proof.  Justification.

Where in a declaration sounding in trespass on the case, the basis of the action is the use of unnecessary and excessive force by defendant's servant, the burden of establishing the allegation of the use of excessive force rested upon plaintiff, and the burden of proof did not shift to defendant, and under the plea of the general issue defendant was entitled to introduce evidence of justification and the fact that defendant filed a special plea of justification which under the circumstances was superfluous did not change the burden of proof nor did it amount to an admission by defendant of the commission of an assault.

TRESPASS.  Heard on exceptions of defendant and sustained.

STEARNS, J.  The action in this case was begun by a writ of trespass to recover for injuries to the person of plaintiff.  There were two counts in the original declaration, one in trespass and a second in trespass on the case. A demurrer to both counts was sustained in the Superior Court and plaintiff, by leave of court, then filed an amended declaration with a single count in which it is alleged that the defendant, who was the owner of a certain horse and wagon which was used in his business, employed an agent and servant to drive, manage and control said horse and wagon.  Plaintiff avers that, while she was in the exercise of due care, she took hold of a part of the harness of said horse and while she had hold of said harness, the servant of the defendant "Being then and there in the pursuance of the business of the defendant, did endeavor to release the hold of the plaintiff upon said harness, and in order to release

the plaintiff's said hold, the said agent and servant of the defendant did then and there beat and strike the plaintiff with a certain implement, to wit: a knife sharpener or steel"
. . . "and the plaintiff says that it was not necessary for the said agent and servant of the defendant to employ the means aforesaid to release her hold upon said harness and that said agent and servant in and about the business of the defendant did then and there use great and excessive force and violence and that thereby the plaintiff was injured as aforesaid."

The demurrer of defendant to the amended declaration was overruled; defendant duly excepted to this decision and then pleaded the general issue and a second plea in which he alleged that plaintiff first assaulted the agent of the defendant, who thereupon necessarily did what was complained of in the declaration in his own defence.

The case was tried by a jury and resulted in a verdict for the plaintiff. The motion of defendant for a new trial was denied by the trial justice and the case is now in this court on defendant's bill of exceptions.

From the testimony it appears that the servant of defendant while engaged in the business of defendant, his employer, stopped defendant's horse and wagon on the street in front of the house in which plaintiff lived, and proceeded to fill from his wagon the orders of some of the neighbors of plaintiff. The plaintiff objected to having the horse and wagon stopped in front of her house and on the refusal of defendant's agent to move away promptly, took hold of the bridle of the horse and started to move the horse away. The servant of defendant, the driver of the wagon, tried to prevent plaintiff, as she claims, from interfering with his horse and while she had hold of the bridle struck her several times with a steel sharpener which he had in his hands. The driver testified that he was assaulted by plaintiff and her husband, that it was dark at the time, that he sought to defend himself, and claims he does not know whether he actually struck the plaintiff or not.

(1)  The original declaration was eliminated from the trial by the filing of the amended declaration. *Wilson* v. *N. Y., N. H. & H. R. R. Co.*, 18 R. I. 598; *Neri* v. *R. I. Co.*, 42 R. I. 229.

The first exception is to the ruling on demurrer to the amended declaration. For the defendant the claim is that the amended declaration is in trespass, and consequently is bad because it does not appear therein that the servant was acting within the scope of his authority; that the servant was authorized, ordered or directed to make the assault; that the servant did wilfully assault the plaintiff. It is further claimed in support of defendant's contention that the count is one in trespass and that the plaintiff has designated his action as an action of trespass. But this is not the fact. The only reference to the form of the action is in the beginning of the declaration wherein it is alleged that plaintiff complains of defendant who has been summoned by the sheriff in an action of trespass. The declaration then proceeds to set out the alleged wrongful acts committed by the servant in pursuance of the business of the defendant for which it is claimed defendant as principal is responsible. The declaration sounds in case, and states a good cause of action in trespass on the case. *Mossessian* v. *Callendar, McAuslan & Troup Co.*, 24 R. I. 168.

(2)  A writ in trespass will support a declaration containing a single count in trespass on the case. Gen. Laws, Chap. 283, § 6; *Adams* v. *Lorraine Mfg. Co.*, 29 R. I. 333; *Wells* v. *Knight*, 32 R. I. 432.

The first exception is overruled.

The eighth exception was taken to that portion of the charge to the jury in regard to the burden of proof. After instructing the jury generally in regard to the legal responsibility of the master for an assault committed by a servant while engaged in the master's business, the trial justice then charged that if defendant's servant refused to move the horse away from the lane in front of plaintiff's premises after plaintiff had requested him to do so, if plaintiff then laid

hands on the horse simply for the purpose of leading it away a short distance so that a nuisance should not be committed there, and for no other purpose, and if the servant knew it was her purpose he had no right to assault and injure her under those circumstances; that as the servant of defendant had the horse and wagon under his immediate charge and was responsible for its safe keeping, he could use all the force necessary to properly protect his master's property, and if he saw the horse being taken out of his control and moved to a place where he might feel as a reasonable man it should not be removed, the servant could use such reasonable amount of force as was necessary to protect his master's property, but that he had no right to use excessive or unreasonable force, and if he did so in the attempt to take the plaintiff's hands from the bridle of the horse and if the servant was at that time acting in the line of his employment and in the discharge of his duties as the servant of the defendant, defendant was liable for such damage as plaintiff sustained by reason of the use of such excessive force. To this part of the charge no exception was taken.

The trial justice further charged that it was for the jury to determine whether or not the servant committed an assault; (3) that ordinarily the plaintiff having brought her suit claiming that defendant committed this assault by his servant, the burden was upon the plaintiff to establish that fact by a preponderance of the evidence, that this would be the rule in this case if the general issue was the only plea, but inasmuch as the defendant had filed a second plea of self defence, defendant thereby admitted that his servant while in his employment and in the discharge of his duties as servant of defendant committed an assault upon the plaintiff; the burden of proof shifted and defendant was bound "to justify that assault by a preponderance of the evidence, because no person has any right to lay his hands in anger or violence upon another, and if he does do so and he is sued and brought into court for doing that, and he sets up an excuse or a justification for that conduct the law imposes upon him the

burden of satisfying the jury by a fair preponderance of the evidence that the conditions were such that he was fairly justified in committing that assault which he admits."

In view of the pleadings we think this part of the charge in regard to the burden of proof was erroneous and the exception thereto is sustained. This is not the usual case in which plaintiff brings an action for an assault and battery, to which defendant pleads self defence in justification. In such a case, after plaintiff has proved even a technical assault, such as any unlawful application of force to the person of plaintiff, the defendant who admits the use of force and claims a justification therefor, must establish such justification by a preponderance of proof. *State* v. *Ballou,* 20 R. I. 607. Such is not however the situation in the case at bar. Plaintiff in her declaration does not claim that the use of any force against her person was unlawful and hence an assault; on the contrary, by necessary implication she admits that the servant of defendant properly used force in attempting to prevent her from interfering with the property of his master. The basis of her suit is not the use of any force by defendant's servant but the use of unnecessary and excessive force, and on the declaration as it is drawn she is only entitled to recover by proof, not simply of the application of some force but only in the event that she establishes by proof the fact that in the circumstances the force actually used was unnecessary and excessive. Having drawn the declaration in this form, the burden of establishing the allegation of the use of excessive force rested upon plaintiff and the burden of proof did not shift to defendant. The plea of the general issue was a denial that excessive force was used. Defendant was entitled under the plea of the general issue to introduce evidence of justification and in the denial of the one issue, namely the use of excessive force, the additional plea which was superfluous did not change the burden of proof nor did it amount to an admission by defendant of the commission of an assault. The charge of the court was erroneous as the jury was instructed that the use

of any force by defendant was unlawful unless defendant proved a justification therefor. .The plaintiff made no such claim and was not entitled to recover unless the force used was proved to be excessive.

Defendant's eighth exception to the charge of the court is sustained. ·We find no merit in the other exceptions and the same are overruled. The case is remitted to the Superior Court for a new trial.

*James H. Rickard, Jr.,* for plaintiff.

*Alfred H. O. Boudreau, Bellin & Bellin, John F. Harlow, Jr.,* for defendant.